IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                PLAINTIFF,

Vs.                                            No. 07-40052-01-SAC

MARCO A. SOLIS,

                DEFENDANT.

MEMORANDUM AND ORDER

      This case comes before the court for the defendant to be sentenced following his guilty plea to count one, distribution of 5.6 grams of methamphetamine, and to count two, distribution of 101.45 grams of marijuana. In exchange for the defendant's plea, the government agreed to recommend the maximum adjustment for acceptance of responsibility, to not seek a dangerous weapon enhancement, and to stipulate that the offense level under the Sentencing Guidelines be determined from the quantities of controlled substances alleged in the indictment. The presentence report ("PSR") recommends a guideline sentence of 24 to 30 months based on the following calculations: a base offense level of 16 (5.6 grams of methamphetamine and 101.45 grams of marijuana) less a three-

level adjustment for acceptance of responsibility for a total offense level of 13 and a criminal history category of four.  The PSR addendum addresses the defendant's two unresolved objections or concerns.  The government has provided a response to the first objection but no response to the second concern.  The defendant has filed a sentencing memorandum that supports his first objection and discusses the different sentencing factors under 18 U.S.C. § 3553(a).  (Dk. 40).  The court files this order as its ruling on the defendant's unresolved matters with the reservation that it will revisit any ruling which is the subject of additional argument or new evidence offered at the sentencing hearing.

**Defendant's Objection 1**:  The defendant denies factual statements appearing in ¶¶ 10, 12 and 16 of the PSR.  The defendant denies he a member of any gang as stated in ¶ 10 and summarily challenges the statements to the contrary appearing in the police reports.  The defendant denies telling the informant as reported at ¶ 12 that he would contact the informant when he had more firearms for sale.  Finally, the defendant denies ¶ 16 which states that the defendant arranged for and accompanied another person who purchased ammunition for him from a Walmart store.

Ruling:  The court determines that a ruling on these objections is

unnecessary, as the factual matters will not be considered in sentencing the defendant. Fed. R. Crim. P. 32(i)(3). The defendant's objections are little more than general denials of the facts summarized from written police reports. Other than challenging the credibility of the informant and the purchaser of the ammunition, the defendant does not proffer any evidence that substantially contradicts the police reports. The defendant's objections concern facts that are not inconsonant with other uncontroverted matters appearing in the PSR which reflect the defendant's involvement with firearms and drugs and with others engaged in similar activities. Under these circumstances, the court chooses not to exercise its discretion of resolving these objections.

**Defendant's Objection 2**: While characterized in the addendum as an objection, the defendant simply observes that ¶ 41 includes a probation revocation date of September 2004 which is inconsistent with other dates included in the narrative to ¶ 41. The defendant does not object that his probation was twice revoked while he was serving his sentence for the conviction described in ¶ 41.

Ruling: As more fully explained in the probation officer's response to the defendant's observation, there is nothing inconsistent with the dates or

events described in ¶ 41. To the extent the defendant is making any objection to ¶ 41, the court overrules it.

IT IS THEREFORE ORDERED that the defendant's first objection to the PSR is not ruled upon and that his second objection is overruled.

Dated this 4th day of January, 2008, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge